# EXHIBIT B



FILED IN OFFICE
CLERK OF SUPERIOR COURT
CHEROKEE COUNTY, GA
2013 OCT 31  AM 10:33
PATTY BAKER, CLERK

## IN THE SUPERIOR COURT OF CHEROKEE COUNTY
## STATE OF GEORGIA

CHRISTOPHER MITCHELL CASTLEBERRY, )
Individually And On Behalf of All Others )
Similarly Situated, )
                                            )
                Plaintiffs, )      CIVIL ACTION FILE NO.
                                            )      13CV2272EM
              *vs.* )
                                            )
SUPERIOR BUILDING PRODUCTS, INC. and )      JURY TRIAL
MICHAEL TODD NEAL, )      DEMANDED
                                            )
                Defendants. )

## COMPLAINT

COMES NOW Plaintiff, by and through his attorneys, and asserts his claims against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for overtime compensation and other relief on the grounds set forth as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant Superior Building Products, Inc. maintains its principal office in Cherokee County.

## PARTIES

3.

Plaintiff Christopher Mitchell Castleberry is a former employee of Defendants having been employed from on or about April 2012 until February, 2013.

- 1 -

4.

Defendant Superior Building Products, Inc. (hereinafter "Defendant SBP") is a domestic for profit corporation existing under the laws of the State of Georgia.  Defendant SBP may be served with process via service on its Chief Financial Officer, Michael Todd Neal at his business address of 603 Univeter Road, Canton, Georgia 30114.

5.

Defendant SBP is subject to the personal jurisdiction of this Court.

6.

Defendant Michael Todd Neal (herein referred to as "Defendant Neal") is an owner and the Chief Financial Officer of Defendant SBP and is a resident of the State of Georgia. Defendant Neal may be served with process at his business address of 603 Univeter Road, Canton, Georgia 30114.

7.

Defendant Neal is subject to the personal jurisdiction of this Court.

### FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFF AND THE CLASS HE REPRESENTS

8.

Plaintiff brings this action on behalf of himself and all other similarly situated present and former employees of Defendants who consent to the representation, pursuant to 29 U.S.C. § 216(b).

9.

This action is brought by a former employee of Defendants on behalf of all current and former employees who are or were employed by Defendants, who were paid by the hour, and not properly paid overtime pay in violation of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. §201 et seq. (herein referred to as "FLSA"), based upon Defendants' common policy of rounding their work time down, failing to properly compensate them for time spent travelling to and from the work site from Defendant SBP's main office, improperly paying two separate hourly rates of pay and otherwise failing to pay the required minimum overtime rate of pay as required by the FLSA.

10.

Plaintiff and the class he represents were and/or are employees engaged in commerce by building and installing doors on commercial and residential buildings of Defendants' customers.

11.

Plaintiff and the class he represents were and/or are employed by an enterprise engaged in commerce, *i.e.,* building, selling and installing doors on commercial and residential buildings as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.

Plaintiff and the class he represents were and/or are "employee[s]" of Defendant SBP as defined in 29 U.S.C. § 203(e)(1).

13.

Defendants are primarily engaged in manufacturing and installing doors in commercial buildings and apartment complexes in multiple states in the southeastern United States.

14.

Upon information and belief, in 2010, Defendant SBP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

Upon information and belief, in 2011, Defendant SBP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

Upon information and belief, in 2012, Defendant SBP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

Upon information and belief, in 2013, Defendant SBP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

Defendant SBP was or is an "employer" of Plaintiff and the class he represents as defined in FLSA § 3(d), 29 U.S.C. §203(d).

19.

Defendant Neal was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of Defendant SBP in his interactions with Plaintiff and the class he represents, and he controlled the terms and conditions of employment of Plaintiff and the class he represents on a day to day basis.

20.

Specifically, Defendant Neal was an owner and the Chief Financial Officer of Defendant SBP and was the highest level management person at the business on a day to day basis.

21

Defendant Neal had authority and exercised control over the finances and operations of the Company.

22.

Defendant Neal exercised managerial authority and control over the day to day business of Defendant SBP, including the Plaintiff and other employees.

23.

Defendant Neal exercised the ultimate control over hiring and firing employees, including Plaintiff.

24.

Defendant Neal controlled employee work schedules and conditions of employment of Plaintiff and the class he represents.

25.

Defendant Neal determined the pay rate and the method of pay for employees.

26.

Defendant Neal had authority and control over Defendant SBP's common policy of rounding the actual work time of Plaintiffs and the class he represents down so that the employees would not be paid overtime in accordance with the FLSA and in improperly determining the overtime hourly rate to be paid to employees.

27.

Defendant Neal had authority and control over Defendant SBP's common policy of failing to pay employees the minimum legally required overtime pay rate for travel time to and from the work sites from SBP's main office every day as required by the FLSA.

28.

Plaintiff and the class he represents were all paid by the hour and did not receive a salary.

29.

Plaintiffs and each member of the class they represent were not guaranteed at least $455.00 per week in wages and the amount of their weekly wages could fluctuate below $455.00 depending on the number of days worked that week.

30.

Plaintiff's work period, and that of each member of the class he represents, consisted of a seven day calendar week beginning on Sunday and ending on Saturday.

31.

The work done by Plaintiff and the class he represents was an integral and essential part of Defendants' business.

32.

Throughout Plaintiff's employment with Defendants, and the employment of each member of the class he represents, each was routinely scheduled to work in excess of forty (40) hours per week and each routinely worked in excess of forty (40) hours per week.

33.

Plaintiff and the class he represents were not subject to any exemption from the overtime pay requirements of the FLSA.

34.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

35.

Plaintiff and each member of the class he represents are required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given work period.

36.

Defendants knew or should have known that the FLSA applied to Plaintiff and the class he represents.

37.

Upon information and belief, in failing and or refusing to pay Plaintiff and the class he represents the overtime pay as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff and/or the class members were not entitled to overtime pay.

38.

Defendants have refused to adequately compensate Plaintiff and the class he represents for work in excess of forty hours per work period, at the rates required by law, and have willfully refused to rectify the situation.

39.

Defendants are liable to Plaintiff and to each member of the class he represents for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

40.

Defendants' conduct constitute willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiff and the class he represents to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. § 207, § 215 AND § 216

41.

Paragraphs 1 through 40 are incorporated herein by this reference.

42.

Defendants' failure to compensate Plaintiff and the class he represents for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE,** Plaintiffs request that this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper

- 8 -

written notice with the Court;

(c)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(d)     Grant a trial by jury as to all matters properly triable to a jury;

(e)     Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f)     Award Plaintiff proper payment for each overtime hour worked from April, 2012 through the end of his employment, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of the overtime pay due Plaintiff, as required by the FLSA;

(g)     Award each member of the class Plaintiff represents proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of the overtime pay due each class member Plaintiff, as required by the FLSA;

(h)     Award Plaintiff and each member of the class he represents prejudgment interest on all amounts owed;

(i)     Award Plaintiff and each member of the class he represents nominal damages;

(j)     Award Plaintiff and each member of the class he represents their reasonable attorneys' fees and costs of litigation; and

(k)     Award any and such other further relief this Court deems just, equitable and proper.

- 9 -

Respectfully submitted, this 29th day of October, 2013.

Mitchell D. Benjamin
Georgia Bar No. 049888

BILLIPS & BENJAMIN LLP
One Tower Creek, Suite 190
3101 Towercreek Parkway
Atlanta, Georgia 30339
(770) 859-0751 Telephone
(770) 859-0752 Facsimile
benjamin@bandblawyers.com

Charles R. Bridgers    by:
Charles R. Bridgers                Mitchell D.
Georgia Bar No.080791              Benjamin
                                   w/ express
                                   permis.

DELONG, CALDWELL, BRIDGERS
      & FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
charlesbridgers@dcbflegal.com

ATTORNEYS FOR PLAINTIFF

- 10 -



IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

CHRISTOPHER MITCHELL CASTLEBERRY, )
Individually And On Behalf of All Others )
Similarly Situated, )
                                       )
            Plaintiffs, )         CIVIL ACTION FILE NO.
                                         )         13CV2072EM
            *vs.* )
                                         )
SUPERIOR BUILDING PRODUCTS, INC. and )         JURY TRIAL
MICHAEL TODD NEAL, )         DEMANDED
                                         )
            Defendants. )

## PLAINTIFF CHRISTOPHER MITCHELL CASTLEBERRY'S FIRST
## INTERROGATORIES TO DEFENDANTS

      Plaintiff Christopher Mitchell Castleberry hereby serves upon the Defendants pursuant to

O.C.G.A. § 9-11-33 the following interrogatories. These interrogatories should be deemed

continuing in nature, requiring a supplemental response (1) as set forth in O.C.G.A. § 9-11-26(e),

through the date of final disposition of this litigation, upon the discovery of other or further

information affecting your response hereto.

      In responding, Defendants are requested to answer fully and provide all information

available to you or available to any agent, insurer, investigator or attorney acting in your behalf.

## DEFINITIONS

As used herein:

    1.     "Person" means and includes natural persons, corporations, partnerships,

associations, or any type of entity, and agents, servants, employees and representatives thereof.

    2.     The term "identify" when used in reference to an individual "person" means to state

his or her full name and present business and home address, his or her present business and home

1

phone number, his or her present or last known business affiliation, his or her birth date, and to describe any relationship between such "person" and you, including, but not limited to, professional, social, religious, or economic relationships.

3.     The term "document" means, but without limitation, letters, reports, correspondence, records, minutes, agreements, audio or video tape recordings, transcriptions, memoranda, papers, stenographic or handwritten notes, writings, magnetic tapes, discs and other media, computer cards, computer databases, tapes, printouts or other computer or machine readable records, notice recordings, photographic pictures, slides, negative, microfilm or microfiche, statistical compilations, projections, studies, publications, books, notes, observations, analyses, studies, charts, drafts, lists, accumulations of data, diaries, calendars, time-keeping records, telegraphs or other forms of written communications, any and all telephone records including memoranda of calls received or other memorialization or tangible evidence of the occurrence or substance of oral communications.

4.     Each request to "describe" or "identify" a "document" shall be deemed to include a request for information sufficient to enable this Plaintiff to obtain the "document" with a subpoena, including but not limited to the date of the "document", a physical description of the "document", a brief description of the content of the "document", the identity of the custodian of the "document", the location of the "document", and any title given to the "document".  If an interrogatory calls for a description of a "document", you may, if you prefer, instead of completely identifying it, simply attach to your answer a clear copy, front and reverse, of the "document", "identify" the custodian of the "document", and state whether it was promulgated and maintained in the normal course of business of the Defendant.

2

5.      "Oral statement" means and includes any face to face communication, conversation, meeting, conference or any such communication by telephone, radio, or other means of verbal communication.

6.      In each case where you are requested to "identify" or "describe" an "oral statement" or where your answer to the Interrogatory refers to the "identity" of an "oral statement", this is a request to give the identity of the "person" who made the statement and the "persons" hearing the statement, and the date, time, and place of its occurrence, and to briefly describe the content of the statement.

7.      "State in full detail" or "describe in full detail" means to set out in the fullest detail possible all knowledge or information available to you on the subject.

8.      "You" or "your" in these interrogatories refers to "Defendants" and "persons" acting at the direction of or on behalf of "Defendants". "Defendants" in these interrogatories refers to Superior Building Products, Inc. and/or Michael Todd Neal, as well as to "persons" acting at the direction of or on behalf of Superior Building Products, Inc. and/or Michael Todd Neal, including their officers, directors, employees and agents.

9.      The term "thing" means anything tangible which constitutes or contains matters within the scope of O.C.G.A. § 9-11-26.

### Electronic Document Definitions

1.      Documents or records that reside in the form of electronic files are to be produced as electronic files rather than on paper and are included in the definition of Documents.

2.      Documents that reside both in electronic form and on paper, but where a paper version has been signed or otherwise annotated by hand, is to be produced electronically and, in addition, each separately signed or hand annotated version should also be produced.

3.    E-mail correspondence from commercially available e-mail systems including, without limitation, Microsoft Outlook, Groupwise, and Lotus Notes, is to be produced in native format (e.g., *.pst files for Microsoft Outlook). Production is to be organized in folders and sub-folders that are labeled so as to clearly identify the user mailbox where the e-mail messages were produced from.

4.    Microsoft Word and Excel files are to be produced in native format as *.doc, *.docx, or *.docm *.xls, *.xlsx, *.xlsm files. Production is to be organized so as to clearly identify the user personal computer where the files were produced from or, if produced from a server, the server path and filename where the files were produced from.

5.    WordPerfect files are to be produced in native format.

6.    The following graphics files are to be produced in native format: *.jpg, *.pcx, *.bmp, *.tif, *.tga, *.fpx, *.psd, *.pdf.

7.    Electronic files that reside in file formats other than those specified in sub-paragraphs 3 through 6 above are to be rendered into readable Adobe Acrobat (*.pdf) format and produced in such format.

8.    Electronic files are to be produced in a manner so as to preserve all meta-data associated with such files. Notice is hereby given that any attempt to alter or modify such files in connection with production thereof through the use of meta-data scrubber software or similar means will be considered as intentional spoliation of evidence.

9.    Recorded voice mails are to be produced as individual *.wav files.

10.    Unless otherwise agreed by counsel following request initiated by counsel for defendant before the date of response called for herein, electronic files are to be produced on either read-only CD-ROM or DVD media.

4

## INTERROGATORIES

1.

Identify all facts which provide the basis for any defense and/or affirmative defense asserted by any Defendant, including those which pertain to the issue of whether or not this case should be maintained as a collective action.  For each such fact identified, please identify the defense and/or affirmative defense to which the fact pertains.

2.

Identify all documents which provide the basis for any defense and/or affirmative defense asserted by any Defendant, including those which pertain to the issue of whether or not this case should be maintained as a collective action.  For each such document identified, please identify the defense and/or affirmative defense to which the document pertains.

3.

Please state the number of days in the work period for Plaintiff and the beginning and ending dates of each work period from April 1, 2012 to March 2, 2013.

4.

Identify each person any Defendant expects to call to give opinion testimony in this action under O.C.G.A. § 24-7-701 or 702 and for each such witness provide a complete description of the opinion(s) in question, an identification of all facts, perceptions, data, documents, and/or information of any sort upon which the opinion(s) in question are based, including, if applicable, all of the information required to be included in an expert witness' written report pursuant to O.C.G.A. § 9-11-26(a)(4).

5.

Please describe in detail how the hours worked by Plaintiff and the opt-in Plaintiffs were recorded by Defendants, and identify the person(s) with responsibility for ensuring that Plaintiff's and all opt-in Plaintiffs were paid for each and every hour they actually worked, from October 29, 2010 to date.

6.

Please identify all documents which reflect the hours actually worked by Plaintiff and the opt-in Plaintiffs from October 29, 2010 to date.

7.

Identify all payments made by Defendants to Plaintiff and any opt-in Plaintiffs as compensation for work performed and all documents which reflect those payments from October 29, 2010 to date.

8.

Identify the person(s) who set the work hours of Plaintiff and any opt-in Plaintiffs from October 29, 2010 to date.

9.

Identify the person(s) who set the rate of pay for Plaintiff and any opt-in Plaintiffs from October 29, 2010 to date.

10.

Identify the person(s) who determined the overtime rate of pay to be paid to Plaintiff and any opt-in Plaintiffs from October 29, 2010 to date.

6

11.

Identify all documents and policies which identify the job duties and responsibilities of Plaintiff and each opt-in Plaintiff from October 29, 2010 to date, including, but not limited to their:

    a.  Scheduled work hours;
    b.  Scheduled days off;
    c.  Scheduled vacation days;
    d.  Complete job responsibilities (including discretionary authority);
    e.  Time keeping responsibilities;
    f.  Responsibilities to travel to and from work sites;
    g.  Any other required responsibilities and/or duties.

12.

Please identify by name and position held, the complete chain of command for each Plaintiff and opt-in Plaintiff from October 29, 2010 to date.

13.

Identify all files maintained by any Defendant on Plaintiff, and any opt-in Plaintiff, by whatever name called.  This includes personnel files, disciplinary files, training files, etc.

13.

Please identify all persons who provided any information which serves as the basis of any of these responses to these interrogatories and for each such person, identify the interrogatory to which he/she provided information.

Respectfully submitted, this 29th day of October, 2013.

                                  Mitchell D. Benjamin
                                    Georgia Bar No. 049888

BILLIPS & BENJAMIN LLP
One Tower Creek, Suite 190
3101 Towercreek Parkway
Atlanta, Georgia 30339
(770) 859-0751 Telephone

(770) 859-0752 Facsimile
benjamin@bandblawyers.com

Charles R. Bridgers
Georgia Bar No.080791

DELONG, CALDWELL, BRIDGERS
    & FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
charlesbridgers@dcbflegal.com

ATTORNEYS FOR PLAINTIFF

8



FILED IN OFFICE
CLERK OF SUPERIOR COURT
CHEROKEE COUNTY, GA
2013 OCT 31  AM 10: 34
PATTY BAKER, CLERK

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

CHRISTOPHER MITCHELL CASTLEBERRY,  )
Individually And On Behalf of All Others    )
Similarly Situated,                                      )
                                           )
          Plaintiffs,                                )       CIVIL ACTION FILE NO.
                                           )
               vs.                                      )       13CV2272EM
                                           )
SUPERIOR BUILDING PRODUCTS, INC. and   )       JURY TRIAL
MICHAEL TODD NEAL,                            )       DEMANDED
                                           )
          Defendants.                           )

## PLAINTIFF CHRISTOPHER MITCHELL CASTLEBERY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

       Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that the Defendants produce and permit Plaintiff to inspect and copy the following documents. Defendants are requested to produce the documents at the offices of BILLIPS & BENJAMIN LLP, One Tower Creek, 3101 Towercreek Parkway Suite 190, Atlanta, Georgia 30339 within thirty (30) days of the receiving this Request for Production of Documents.  These document requests are continuing in nature and must be supplemented as required by O.C.G.A. § 9-11-26(e).

### DEFINITIONS

       The following definitions are an integral part of these Requests and are applicable throughout.

       As used herein:

       1.     "Person" means and includes natural persons, corporations, partnerships, associations, or any type of entity, and agents, servants, employees and representatives thereof.

       2.     The term "identify" when used in reference to an individual "person" means to state

1

5.     "Oral statement" means and includes any face to face communication, conversation, meeting, conference or any such communication by telephone, radio, or other means of verbal communication.

6.     In each case where you are requested to "identify" or "describe" an "oral statement" or where your answer to the Interrogatory refers to the "identity" of an "oral statement", this is a request to give the identity of the "person" who made the statement and the "persons" hearing the statement, and the date, time, and place of its occurrence, and to briefly describe the content of the statement.

7.     "State in full detail" or "describe in full detail" means to set out in the fullest detail possible all knowledge or information available to you on the subject.

8.     "You" or "your" in these interrogatories refers to "Defendants" and "persons" acting at the direction of or on behalf of "Defendants".  "Defendants" in these interrogatories refers to Superior Building Products, Inc. and/or Michael Todd Neal, as well as to "persons" acting at the direction of or on behalf of Superior Building Products, Inc. and/or Michael Todd Neal, including their officers, directors, employees and agents.

9.     The term "thing" means anything tangible which constitutes or contains matters within the scope of O.C.G.A. § 9-11-26.

<u>Electronic Document Definitions</u>

1.     Documents or records that reside in the form of electronic files are to be produced as electronic files rather than on paper and are included in the definition of Documents.

2.     Documents that reside both in electronic form and on paper, but where a paper version has been signed or otherwise annotated by hand, is to be produced electronically and, in

3

addition, each separately signed or hand annotated version should also be produced.

       3.     E-mail correspondence from commercially available e-mail systems including, without limitation, Microsoft Outlook, Groupwise, and Lotus Notes, is to be produced in native format (e.g., *.pst files for Microsoft Outlook). Production is to be organized in folders and sub-folders that are labeled so as to clearly identify the user mailbox where the e-mail messages were produced from.

       4.     Microsoft Word and Excel files are to be produced in native format as *.doc, *.docx, or *.docm *.xls, *.xlsx, *.xlsm files. Production is to be organized so as to clearly identify the user personal computer where the files were produced from or, if produced from a server, the server path and filename where the files were produced from.

       5.     WordPerfect files are to be produced in native format.

       6.     The following graphics files are to be produced in native format: *.jpg, *.pcx, *.bmp, *.tif, *.tga, *.fpx, *.psd, *.pdf.

       7.     Electronic files that reside in file formats other than those specified in sub-paragraphs 3 through 6 above are to be rendered into readable Adobe Acrobat (*.pdf) format and produced in such format.

       8.     Electronic files are to be produced in a manner so as to preserve all meta-data associated with such files. Notice is hereby given that any attempt to alter or modify such files in connection with production thereof through the use of meta-data scrubber software or similar means will be considered as intentional spoliation of evidence.

       9.     Recorded voice mails are to be produced as individual *.wav files.

       10.     Unless otherwise agreed by counsel following request initiated by counsel for defendant before the date of response called for herein, electronic files are to be produced on either

read-only CD-ROM or DVD media.

## REQUEST FOR PRODUCTION

1.

Please produce all documents which were identified in response to any of Plaintiff Christopher Mitchell Castleberry's First Interrogatories to Defendants or which are responsive to any of those interrogatories.

2.

All documents which provide the basis for any defense and/or affirmative defense asserted by any Defendant, including those which pertain to the issue of whether or not this case should be maintained as a collective action. For each such document identified, please identify the defense and/or affirmative defense to which the document pertains.

3.

All documents which state the number of days in the work period for Plaintiff and the beginning and ending dates of each work period from April 1, 2012 to March 2, 2013.

4.

All documents provided to or received from any person any Defendant expects to call to give opinion testimony in this action under O.C.G.A. § 24-7-701 or 702.

5.

All documents which describe or identify how the hours worked by Plaintiff and the opt-in Plaintiffs were recorded by Defendants, from October 29, 2010 to date.

6.

All documents which reflect the hours actually worked by Plaintiff and the opt-in Plaintiffs from October 29, 2010 to date.

5

7.

All documents which reflect any and all payments made by Defendants to Plaintiff and any opt-in Plaintiffs as compensation for work performed from October 29, 2010 to date.

8.

All documents and policies which identify the job duties and responsibilities of Plaintiff and each opt-in Plaintiff from October 29, 2010 to date, including, but not limited to their:

a.   Scheduled work hours;
b.   Scheduled days off;
c.   Scheduled vacation days;
d.   Complete job responsibilities (including discretionary authority);
e.   Time keeping responsibilities;
f.   Responsibilities to travel to and from work sites;
g.   Any other required responsibilities and/or duties.

9.

All files maintained by any Defendant on Plaintiff, and any opt-in Plaintiff, by whatever name called.  This includes personnel files, disciplinary files, training files, etc.

10.

All timesheets of Plaintiff and any opt-in Plaintiffs reflecting time worked from October 29, 2010 to date.

11.

All paystubs and payroll records of Plaintiff and any opt-in Plaintiffs reflecting any all payments made for work performed from October 29, 2010 to date.

12

All Documents regarding or pertaining to the job titles and duties performed by Plaintiff and each opt-in for work performed from October 29, 2010 to date.

13.

6

All attendance records for Plaintiff and each opt-in Plaintiff from October 29, 2010 to date.

14.

All records reflecting the start time and end time of work performed each day by Plaintiff and each opt-in Plaintiff in this case for work performed from October 29, 2010 to date.

15.

Please produce a privilege log sufficiently identifying any and all documents which are responsive to any of Plaintiff's interrogatories or requests for production which are being withheld on the basis of any privilege to permit Plaintiffs and the Court to determine whether the assertion of the privilege is proper.

Respectfully submitted, this 29th day of October, 2013.

Mitchell D. Benjamin
Georgia Bar No. 049888

BILLIPS & BENJAMIN LLP
One Tower Creek, Suite 190
3101 Towercreek Parkway
Atlanta, Georgia 30339
(770) 859-0751 Telephone
(770) 859-0752 Facsimile
benjamin@bandblawyers.com

Charles R. Bridgers
Georgia Bar No.080791

DELONG, CALDWELL, BRIDGERS
& FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
charlesbridgers@dcbflegal.com

ATTORNEYS FOR PLAINTIFF

7

COPY

## General Civil Case Filing Information Form (Non-Domestic)

Court
☒ Superior
☐ State

County ___CHEROKEE___

Docket # 13CV2272ESM

Date Filed 10/31/13
MM-DD-YYYY

**Plaintiff(s)**

Castleberry, Christopher Mitchell

Last    First    Middle I. Suffix Prefix         Maiden

Last    First    Middle I. Suffix Prefix         Maiden

Last    First    Middle I. Suffix Prefix         Maiden

Last    First    Middle I. Suffix Prefix         Maiden

No. of Plaintiffs ___1___

**Defendant(s)**

Superior Building Products, Inc.

Last    First    Middle I. Suffix Prefix         Maiden

Michael Todd Neal

Last    First    Middle I. Suffix Prefix         Maiden

Last    First    Middle I. Suffix Prefix         Maiden

Last    First    Middle I. Suffix Prefix         Maiden

No. of Defendants ___2___

**Plaintiff/Petitioner's Attorney**        ☐ Pro Se

Mitchell, Mitchell D.

Last         First              Middle I.  Suffix

Bar # ___049888___

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☒ Other General Civil Specify _Fair Labor_

_Standards Act ("FLSA")_

---

### If Tort is Case Type:
#### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

Are Punitive Damages Pleaded? ☐ Yes ☐ No



DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

CASE NUMBER 13CV2272EM
　　　　　　　Assigned by Clerk

Christopher Mitchell Castleberry, et al.
　　　　　　　PLAINTIFF

VS.

Superior Building Products, Inc. and
Michael Todd Neal
　　　　　　　DEFENDANT

## TYPE OF ACTION

1. _____ Divorce without Agreement Attached
2. _____ Divorce with Agreement Attached
3. _____ Domestic Relations
4. _____ Damages arising out of Contract
5. _____ Damages arising out of Tort
6. _____ Condemnation
7. _____ Equity
8. _____ Zoning – County Ordinance violations (i.e. Injunctive relief-zoning)
9. _____ Zoning Appeals (denovo)
10. _____ Appeal, Including denovo appeal – excluding Zoning

11. _____ URESA
12. _____ Name Change
13. _x_ Other
14. _____ Recusal

_____ Adoption

***FLSA – Fair Labor Standars Act

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court?  (Whether pending simultaneously or not.)

_X_ NO

_____ YES – If yes please fill out the following:
1. Case # _____
2. Parties _____ vs. _____
3. Assigned Judge _____
4. Is this case still pending? _____ Yes _____ No
5. Brief description of similarities:

_____

_____

Attorney or Pro se Litigant for
Mitchell D. Benjamin

Form #0122
Revised 05/20/02